UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00504-RJC

| GINA FLETCHER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **Order** |
| Defendant. | ) | |

**THIS MATTER** comes before the Court on the Parties' Cross Motions for Summary Judgment. (Doc. Nos. 11, 13). Having fully considered the written arguments, administrative record, and applicable authority, the Court finds that Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence and affirms the decision. Accordingly, the Court grants Defendant's Motion for Summary Judgment.

## I. BACKGROUND

Plaintiff Gina Fletcher ("Fletcher") seeks judicial review of the Commissioner of Social Security's ("Defendant" or "Commissioner") denial of her social security claim. Fletcher filed her applications for disability insurance benefits and supplemental security income on September 11, 2019, with an alleged onset date of October 1, 2016. (Tr.[1] 15).

In denying Fletcher's social security claim, the ALJ conducted a five-step sequential evaluation. (*Id.* at 18-29). At step one, the ALJ found that Fletcher had not engaged in substantial gainful activity since June 7, 2018, the day after the most recent determination. (*Id.* at 18). At step two, the ALJ found that Fletcher had the following combination of severe impairments:

---

[1] Citations to "Tr." throughout the order refer to the administrative record at Doc. No. 8.

obesity, polycythemia vera, Raynaud's syndrome, and history of Hashimoto's disease. (*Id.*). The ALJ also found several non-severe impairments. (*Id.* at 18-21). At step three, the ALJ found that none of the impairments, or combinations of impairments, met or equaled the severity of a listed impairment. (*Id.* at 21-22). Before moving to step four, the ALJ found that Fletcher had the residual functional capacity ("RFC") as follows:

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: occasionally climbing ladders, ropes, or scaffolds, frequently climbing ramps or stairs, occasionally stooping, and frequently balancing, kneeling, crouching, and crawling. She can tolerate frequent but not constant exposure to extreme heat, humidity, and to workplace hazards, such as unprotected heights and dangerous machinery.

(*Id.* at 22-27). At step four, the ALJ found that Fletcher is capable performing past relevant work as a cashier, shipping clerk, housekeeper, assistant store manager, office clerk, and supervisor, utilities. (*Id.* at 27-29). Finally, at step five, the ALJ concluded that in addition to Fletcher's past relevant work, Fletcher could perform other jobs that existed in significant numbers in the national economy. (*Id.* at 28).

After exhausting her administrative remedies, Fletcher brought the instant action for review of Defendant's decision denying her application for disability benefits. (Doc. No. 1).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner *de novo*. *Smith v. Schweiker*, 795 F.2d

343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)), the Fourth Circuit defined "substantial evidence" as:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*See also Seacrist v. Weinberger*, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence.").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d at 1456; *see also Smith v. Schweiker*, 795 F.2d at 345; *and Blalock v. Richardson*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

Fletcher argues the ALJ misevaluated the medical opinions of the state agency psychological consultants.

For claims filed after March 27, 2017, the regulations provide that the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or

prior administrative medical finding(s), including those from your medical sources." 20 C.F.R. § 404.1520c(a). When determining the persuasiveness of medical opinions and prior administrative medical findings the ALJ considers five factors: (1) supportability; (2) consistency; (3) relationship the medical source has with the claimant, including the (i) length, (ii) frequency, (iii) purpose of the treatment relationship, (iv) extent of the treatment relationship, and (v) examining relationship; (4) specialization; and (5) other factors. *Id.* § 404.1520(a), (c). The most important of these factors are supportability and consistency:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be.
>
> (2) Consistency. The more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be.

*Id.* §§ 404.1520(b)(2), (c)(1)-(2). The ALJ's decision should explain how she considered both of these factors. *Id.* § 404.1520(b)(2).

Here, the ALJ explained that she found the state agency psychological consultants' opinions unpersuasive because:

> Although . . . [they] provided some medical support for their findings, they are unpersuasive because they are inconsistent with the treatment records. As discussed above, the mental status examinations in the treatment records consistently showed no abnormalities except one finding of depressed mood (Ex. 2F/12, 19, 38; 3F/41, 53, 66, 83, 101, 116, 134; 5F/3; 6F/3, 70; 8F/6, 29, 61, 91, 192; 9F/6; 10F/4-20). Importantly, the State agency consultants did not have the opportunity to review the mental healthcare records at Exhibit 10F, which showed good results with treatment.

(Tr. 26). The ALJ complied with the regulatory requirements when explaining that she found the state agency psychological consultants' opinions unpersuasive. Specifically, the ALJ explained that the opinions were inconsistent with the treatment records, which "consistently showed no abnormalities except one finding of depressed mood." (*Id.*). Additionally, the ALJ noted that the

agency psychological consultants' opinions did not have an opportunity to review Fletcher's later mental health records, which the ALJ considered. The ALJ did not substitute her own opinion for that of the agency psychological consultants' opinions, but instead considered the entirety of the record, including mental health records that the agency psychological consultants did not review. Therefore, the ALJ sufficiently explained how she evaluated the state agency psychological consultants' opinions.

Fletcher also disagrees with how the ALJ evaluated the records describing her response and improvement with treatment, in connection with considering these medical opinions. The ALJ explained:

> The medical records show routine, conservative mental health treatment for generalized anxiety disorder and bipolar disorder, unspecified (Ex. 10F). With treatment, the claimant reported improvement and denied most symptoms (Ex. 10F). For example, on September 16, 2020, she denied panic attacks, mood swings, irritability, and manic symptoms (Ex. 10F/3). She denied medication side effects (Ex. 10F/3). The mental status examination showed "no apparent serious mental status abnormalities" (Ex. 10F/3). She had normal appearance, dressing, grooming, mood, speech, language, thought content, behavior, associations, thought processes, cognition, vocabulary, fund of knowledge, memory, orientation, attention span, insight, and judgment (Ex. 10F/3-4). The claimant reported feeling well controlled with current medications (Ex. 10F/4). She had the same normal mental status findings on August 18, October 15, November 11, and December 11, 2020 and January 11, 2021, except one finding of depressed mood (Ex. 10F/6-20). She continued reporting improvement with medications and no side effects (Ex. 10F/15).

(Tr. 20). While Fletcher disagrees with how the ALJ considered the evidence and evaluated her response to treatment, it is not for the Court to weigh or reweigh the evidence nor to substitute its own judgment for that of the Commissioner. The Commissioner's decision is supported by substantial evidence. Accordingly, the Court affirms the decision. *Hays v. Sullivan*, 907 F.2d at 1456; *Harrold*, 2018 WL 1163264, at *5-6.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, (Doc. No. 11), is **DENIED**;

2. Defendant's Motion for Summary Judgment, (Doc. No. 13), is **GRANTED**; and

3. Defendant's decision to deny Plaintiff Social Security benefits is **AFFIRMED**.

The Clerk is directed to close this case.

**SO ORDERED.**

Signed: March 9, 2023

Robert J. Conrad, Jr.
United States District Judge